## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**CHIEF 2 EAGLES, CHIEF OF THE**  **CIVIL ACTION NO.**
**LOUISIANA BAND OF CHOCTAW**

**VERSUS**

**24-154-JWD-EWD**

**EAST FELICIANA PARISH SHERIFF, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 17, 2024.

*Erin Wilder-Doomes* (signature)

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CHIEF 2 EAGLES, CHIEF OF THE<br>LOUISIANA BAND OF CHOCTAW | CIVIL ACTION NO. |
| VERSUS | |
| EAST FELICIANA PARISH SHERIFF, ET AL. | 24-154-JWD-EWD |

**MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER**

Before the Court is the Complaint for Declaratory Judgment, filed by Chief 2 Eagles, (formally Billy Burkette) ("Plaintiff"), against Defendants Kyle Ardoin, the former Louisiana Secretary of State, and Jeff Travis, East Feliciana Parish Sheriff. Plaintiff is currently representing himself and alleges that he represents his tribe, the Louisiana Band of Choctaw Indians, ("LA Choctaw").[1] Because the Complaint seeks relief that has already been denied before by this Courtt, and is also procedurally improper, it is recommended that the case be dismissed with prejudice on the Court's own motion as malicious and frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

**I. BACKGROUND**

Plaintiff claims to be the Chief of the LA Choctaw, which he says is a tribe recognized by the State of Louisiana but not by the federal government.[2] In his Complaint, Plaintiff alleges that before the Louisiana Purchase, the LA Choctaw had treaties with Spain and France; that Article 6 of the Louisiana Purchase "promises" to enter into a treaty with the LA Choctaw and to treat the LA Choctaw favorably until the treaty is ratified; and that the U.S. Government has not fulfilled its obligations to the LA Choctaw under the Louisiana Purchase.[3] Plaintiff further contends that,

---

[1] R. Doc. 1. Plaintiff was granted leave to proceed *in forma pauperis* ("IFP"), but service was withheld to evaluate Plaintiff's claims under 28 U.S.C. § 1915(e). R. Doc. 5.
[2] R. Doc. 1, pp. 1, 4 (pages 3 and 4 of the Complaint are out of order).
[3] R. Doc. 1, pp. 1-2, 4 and *see* R. Doc. 1, pp. 6-20 regarding the treaties.

in 1978, the State of Louisiana "made an official finding recognizing the sovereign Status" of the LA Choctaw and sent a request to the President, both Houses of Congress, and the Department of Indian Affairs requesting that the LA Choctaw be granted federal sovereign status.[4] Plaintiff alleges that, in 2018, the Governor of Louisiana signed Act 102 of La. R.S. § 46:2305, which created the Native American Commission within the Governor's Office of Indian Affairs and also recognized the LA Choctaw and gave them a seat on the Commission.[5]

In light of the U.S. Government's alleged "failure to keep its promises to the Tribe some hundred(s) years ago," and the lack of response to Louisiana's 1978 request that the LA Choctaw be granted sovereign status, Plaintiff contends that there is an actual controversy regarding whether the LA Choctaw "exists as a sovereign entity, and has standing as such in this court," as well as an actual controversy "as to the authority of Chief 2 Eagles formally known as Billy Burkette to speak on behalf of the Louisiana Band of Choctaw."[6] Plaintiff seeks a judgment under 28 U.S.C. § 2201(a) declaring that the LA Choctaw is a sovereign tribe and that Plaintiff is the duly elected Chief with authority to speak on the Tribe's behalf.[7]

## II. LAW AND ANALYSIS

### A. Applicable Legal Standards

District courts must generously interpret complaints filed by plaintiffs representing themselves.[8] Still, when a plaintiff is proceeding IFP, his complaint may be dismissed at any time,

---

[4] R. Doc. 1, p. 4, and *see* R. Doc. 1, pp. 21-30 (Louisiana Legislative resolutions).
[5] R. Doc. 1, p. 4 and *see* R. Doc. 1, pp. 31-32 (La. R.S. § 46:2305).
[6] R. Doc. 1, p. 3.
[7] R. Doc. 1, pp. 3, 5 and *see* p. 2, citing 28 U.S.C. § 2201(a) which provides, in pertinent part: "In a case of actual controversy within its jurisdiction, except with respect to [proceedings inapplicable to this case]… any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."
[8] *Coleman v. United States,* 912 F.3d 824, 828 (5th Cir. 2019) ("The filings of a *pro se* litigant are 'to be liberally construed,' ... and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]' *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), quoting *Estelle v. Gamble*, 429 U.S. 97,

regardless of service or the filing of an answer, if the court determines the case is frivolous or malicious.[9] An IFP complaint is properly dismissed as frivolous if the plaintiff's claims lack an arguable basis either in law or in fact.[10] A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are irrational or completely incredible.[11] Similarly, repeated allegations of virtually the same cause of action are also subject to dismissal as malicious.[12] It is proper to dismiss an action on the basis that it is malicious and frivolous if it duplicates claims raised by the same plaintiff in previous or pending litigation.[13]

In most circumstances, a court should allow a plaintiff at least one chance to amend the complaint under Rule 15(a) of the Federal Rules of Civil Procedure before dismissing the action with prejudice.[14] However, a court should deny leave to submit futile amendments that are "insufficient to state a claim."[15] In other words, "the same standard of legal sufficiency as applies under Rule 12(b)(6)" also applies to futility.[16] When reviewing a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view them in the light most favorable to

---

106 (1976)). Nonetheless, '*pro se* litigants, like all other parties, must abide by the Federal Rules of Appellate Procedure.' *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In addition, 'pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level.' *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).").

[9] 28 U.S.C. § 1915(e)(2)(B)(i). Screening under § 1915(e)(2) applies to IFP cases filed by both prisoners and non-prisoners. *Porter v. Lemire,* No. 24-504, 2024 WL 1655149, at *2 (E.D. La. Apr. 17, 2024), citing *Newsome v. E.E.O.C.*, 301 F.3d 227 (5th Cir. 2002) (dismissing non-prisoner case under § 1915(e)(2)(B)(i) and (ii) for frivolity and failure to state a claim) (other citation omitted).

[10] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).

[11] *Denton*, 504 U.S. at 33; *Neitzke*, 490 U.S. at 327; *see also Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992) ("A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible").

[12] *See Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988) (*per curiam*). *See also Milton v. Gusman,* No. 10-3309, 2010 WL 5376459, at *1 (E.D. La. Oct. 6, 2010), report and recommendation adopted, No. 10-3309, 2010 WL 5376117 (E.D. La. Dec. 20, 2010) ("It has long been resolved that repetitious litigation raising the same cause of action as a previous or pending lawsuit is subject to dismissal under § 1915(e)(2)(B) and § 1915A as malicious.").

[13] *See Roberson v. Breen*, 444 Fed.Appx. 841, 842 (5th Cir. 2011).

[14] *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (Plaintiffs are generally given one chance to amend before dismissal unless "it is clear that the defects are incurable").

[15] *Jamieson By and Through Jamieson v. Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985).

[16] *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).

the non-moving party.[17]  Nonetheless, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[18]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[19]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[20]

### B. Plaintiff's Request for Federal Recognition of the Tribe Should Be Dismissed as Malicious

The request in the Complaint for a federal declaration[21] of the LA Choctaw's sovereignty largely overlaps with Plaintiff's Motion for Declaratory Judgment filed in an earlier case Plaintiff brought in this Court.[22]  There, declaratory relief was denied because of a number of procedural problems.[23]  As explained in the earlier Ruling, first, it is not clear that Plaintiff has authority from the tribe to seek federal recognition.[24]  Even if he currently does have authority, however, Plaintiff cannot represent the tribe before this Court because he is *pro se*, and a Native American tribe that

---

[17] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).
[18] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Twombly*, 550 U.S. at 570.
[20] *Id.*
[21] While the Complaint does not specifically request recognition at the federal level, the allegations are fairly read to seek federal recognition considering the information regarding the U.S. Government's broken promise to recognize the tribe and since the Complaint alleges that the tribe has already received recognition by the state of Louisiana.
[22] *Billy Burkette v. East Feliciana Parish Sheriff Jeffrey Travis, et al.*, No. 18-996 (M.D. La.), *see* R. Docs. 165, 168 and 13.  Plaintiff's civil rights claims in the prior case were dismissed. Plaintiff appealed, but the appeal was dismissed for lack of prosecution such that dismissal of the civil rights claims is final. *See* No. 18-996, (M.D. La.), R. Docs. 184-85, 188-89, 191, 193.
[23] *Burkette,* No. 18-996 (M.D. La.), *see* R. Docs. 174 and 175 on that docket.  After Plaintiff's Motion for Declaratory Judgment was denied in the earlier case, Plaintiff improperly filed a Complaint for Declaratory Judgment seeking the same relief, *i.e.*, a declaration of tribal sovereignty.  The Complaint was severed from the earlier suit and opened as this case.  *See* No. 18-996, (M.D. La.), R. Docs. 180, 186.
[24] *See* this Court's prior Ruling at No. 18-996 (M.D. La. May 11, 2023), R. Doc. 169, p. 3, n. 11, noting that Plaintiff's Amended Complaint in that case alleged that, as of December 2018, "Mr. Burkette's membership and participation in his Native American Tribe has now been questioned, affecting his character and reputation in the Community in which he seeks public office and the tribe has had internal strife and he has been further injured by the tribal members attempting to oust him and certain members making public statements regarding his maintaining membership in the tribe and seeking federal recognition as a tribe."

is not federally recognized must be represented by counsel.[25] Setting aside those issues, Plaintiff's claim for federal recognition of the tribe, either on his own behalf or on behalf of the tribe, is not raised against the proper defendant. Claims for judicial review of denials of, or declarations for, federal recognition must be brought against the United States, typically through the Secretary of the Department of the Interior, Bureau of Indian Affairs, as "the Secretary now recognizes tribes and consequently determines whether Indian groups are eligible for federal benefits such as reorganization."[26] The currently named Defendants, former Secretary of State Kyle Ardoin and East Feliciana Sheriff Jeff Travis, cannot take any action in response to Plaintiff's request for federal recognition of the tribe. As such, and despite Plaintiff's allegations to the contrary, Plaintiff's request for a declaratory judgment does not present a live controversy against Defendants because there is no adverse legal interest among them relating to Plaintiff's recognition request.[27] For all of these reasons, Plaintiff's request for a declaratory judgment of federal recognition of the La Choctaw is procedurally deficient, as conclusively determined in a Ruling of this Court in Plaintiff's earlier filed action. Therefore, Plaintiff's Complaint re-asserting this claim is maliciously filed and should be dismissed pursuant to § 1915(e)(2)(B)(i).[28]

---

[25] *Yamassee Indian Tribe v. Allendale Cnty. Gov't,* No. 13-1577, 2013 WL 5797682, at *2 (D.S.C. July 25, 2013), report and recommendation adopted in part, No. 13-1577, 2013 WL 5797846 (D.S.C. Oct. 28, 2013) ("[F]ederal courts have generally refused to allow non-attorneys to represent Indian tribes that are not federally recognized.") (citing *In re Neil's Mazel, Inc.,* No. 00–22010, 492 B.R. 620, 2013 WL 2019375, at *8 (Bankr. E.D.N.Y. May 14, 2013) (holding that "[w]ithout such recognition, there is no 'partially sovereign' status, and hence no sovereign prerogative to appear in federal court by a non-attorney"); *Unalachtigo Band of the Nanticoke–Lenni Lenape Nation v. State of N.J.,* C/A No. 05–5710, 2007 WL 4547501, at *3-4 (D.N.J. Dec.17, 2007) (holding that *pro se* representation of an Indian tribe that was not federally recognized constituted the unauthorized practice of law); *see also Cherokee of Lawrence Cnty., Tenn. v. United States,* No. 06-158, 2006 WL 5668261, at *2 (Fed. Cl. Sept. 1, 2006) (striking complaint filed by non-attorney Chief of Indian tribe that was not acknowledged by the federal government).
[26] *Mackinac Tribe v. Jewell,* 87 F. Supp. 3d 127, 143 (D.D.C. 2015), *aff'd,* 829 F.3d 754 (D.C. Cir. 2016) and *see* the regulatory definitions of "Secretary," "Bureau," and "Department" at 25 C.F.R. 83.1.
[27] *See, e.g., Venator Grp. Specialty, Inc. v. Matthew/Muniot Fam., LLC.,* 322 F.3d 835, 838 (5th Cir. 2003) ("In the declaratory judgement context, whether a particular dispute is ripe for adjudication turns on whether a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests.").
[28] In addition to the procedural deficiencies, and as noted in the earlier Ruling, Plaintiff's request for recognition (if he could properly make it), would be premature because it has not been established that the LA Choctaw exhausted the administrative process before seeking judicial review. Most courts have generally rejected tribal attempts to obtain

5

### C. Plaintiff's Request to Be Recognized as Chief with Authority To Speak for the Tribe is Frivolous

Plaintiff's request for a declaratory judgment that he is the "duly elected" chief and is authorized to act on behalf of the tribe suffers from the same defects described above; namely, Plaintiff cannot represent the tribe on this claim because he is *pro se* and the tribe must be represented by counsel,[29] and to the extent Plaintiff seeks this relief on his own behalf, there is no live controversy against Defendants on this request because there is no adverse legal interest among them relating to Plaintiff's request for recognition as the chief. Neither Defendant can proclaim Plaintiff as chief of his tribe or that he has authority to act on behalf of the tribe. Finally, Plaintiff's request for recognition as chief of the tribe, particularly in light of Plaintiff's prior allegations that attempts have been made to oust him as chief, raises an intra-tribal matter likely involving interpretation of tribal laws, which should be resolved through tribal mechanisms and over which this Court lacks jurisdiction.[30] As such, this request is procedurally improper and

---

judicial recognition of tribal status unless the tribe first exhausts administrative remedies under 25 C.F.R Part 83. *See, e.g.*, *Agua Caliente Tribe of Cupeno Indians of Pala Rsrv. v. Sweeney,* 932 F.3d 1207 (9th Cir. 2019) (Indian group was not entitled to an order requiring its inclusion on the list of federally recognized tribes because group had not exhausted its administrative remedies under 25 C.F.R. pt. 83); and *United Tribe of Shawnee Indians v. U.S.*, 253 F.3d 543 (10th Cir. 2001) (same); *Golden Hill Paugussett Tribe of Indians v. Weicker*, 39 F.3d 51, 58–61 (2nd Cir. 1994) (concluding that the BIA had primary jurisdiction over the issue of tribal status and directing district court to stay the Indian group's Nonintercourse Act action pending completion of administrative proceedings under 25 C.F.R. pt. 83).
[29] *See* the footnote *above* citing, *e.g.*, *Yamassee Indian Tribe,* 2013 WL 5797682, at *2 ("[F]ederal courts have generally refused to allow non-attorneys to represent Indian tribes that are not federally recognized.") (citing *In re Neil's Mazel, Inc.,* 2013 WL 2019375, at *8 (holding that "[w]ithout such recognition, there is no 'partially sovereign' status, and hence no sovereign prerogative to appear in federal court by a non-attorney"), *etc.*
[30] *See, e.g., Brooks v. Branham,* 675 F. Supp. 3d 624, 634-637 (W.D. Va. 2023) (finding no jurisdiction to hear claims raised by members of a federally recognized tribe raising internal tribal leadership disputes, involving the election of tribal officials and the interpretation of tribal bylaws, and holding: " 'Indian tribes are distinct, independent political communities, retaining their original natural rights in matters of local self-government. Although no longer possessed of the full attributes of sovereignty, they remain a separate people, with the power of regulating their internal and social relations.' *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 55, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978) (cleaned up). Given tribes' 'unique status' under the law, 'the federal courts recognize two analytically distinct but related bases that may defeat jurisdiction in cases involving tribes.' *Miccosukee Tribe of Indians of Fl. v. Cypress,* 814 F.3d 1202, 1208 (11th Cir. 2015)…The second, related doctrine—at issue here—establishes that federal courts lack jurisdiction over 'intra-tribal disputes.' *See Newtok Village v. Patrick*, 21 F.4th 608, 620 (9th Cir. 2021) ('Intratribal disputes are generally nonjusticiable in federal courts.'). That is because 'certain issues are, by their very nature, inherently reserved for resolution through purely tribal mechanisms due to the privilege and responsibility of sovereigns to regulate their own, purely internal affairs,' and accordingly, federal courts should not be in the business of 'dictating

should be dismissed pursuant to § 1915(e)(2)(B)(i) as frivolous because it lacks a legal basis, and because the Court lacks jurisdiction to entertain it.

### D. Leave to Amend Is Not Warranted Because Further Amendments Would Be Futile

Ordinarily, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."[31] Granting leave to amend, however, is not required if the plaintiff has already pleaded his "best case."[32] Similarly, a district court need not grant a futile motion to amend.[33] "Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted."[34] In this case, Plaintiff cannot seek relief on behalf of the tribe *pro se* and this deficiency cannot be cured by amendment. To the extent Plaintiff seeks federal tribal recognition on his own behalf, the Court has already previously ruled that this relief cannot be awarded against the named Defendants, and it is premature for failure to exhaust administrative remedies, which is also not curable by amendment. Similarly, Plaintiff's request to be recognized as chief is an intra-tribal matter that must be resolved via tribal mechanisms, not by this Court, and thus further amendments would be futile.

### III.   RECOMMENDATION

Plaintiff's request for a declaration of tribal sovereignty has already been ruled on by this Court in another case and is, therefore, subject to dismissal under § 1915(e)(2)(B)(i) as malicious.

---

answers to such questions.' *Cypress*, 814 F.3d at 1208."). *See also* 14B Arthur R. Miller, Federal Practice and Procedure § 3691 Indians and Indian Tribes (5th ed. 2024) ("Although federal courts play a vital role in litigation involving Indians and Indian tribes, many matters lie exclusively in the jurisdiction of tribal courts unless affirmatively limited by a specific treaty provision or federal statute. These include (1) wholly internal tribal subjects, such as membership and election disputes….").

[31] *Wiggins v. Louisiana State Univ.-Health Care Servs. Div.,* 710 Fed. Appx 625, 627 (5th Cir. 2017), citing *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (citation omitted).
[32] *Wiggins,* 710 Fed. Appx at 627, citing *Brewster*, 587 F.3d at 768 (citation omitted).
[33] *Wiggins,* 710 Fed. Appx at 627, citing *Legate v. Livingston,* 822 F.3d 207, 211 (5th Cir. 2016) (citation omitted).
[34] *Id.*

Plaintiff's request for recognition as chief of the tribe with authority to represent it is procedurally improper and is also subject to dismissal under § 1915(e)(2)(B)(i) as frivolous. Leave to amend is not warranted because further amendments would be futile. Accordingly,

**IT IS RECOMMENDED** that the Complaint, filed by Chief 2 Eagles (formally known as Billy Burkette), be **DISMISSED WITH PREJUDICE** without leave to amend.

**IT IS ORDERED** that the Clerk of Court shall transmit this Magistrate Judge's Report, Recommendation, and Order to Plaintiff Chief 2 Eagles by regular and by certified mail, return receipt requested, to the address listed on PACER.

Signed in Baton Rouge, Louisiana on June 17, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**